# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev 2-20
C.G.S §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**Received**

MAR 03 2020

**Office of General Counsel**

Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, Connecticut 06106 | (860) 548-2700 | April 21, 2020 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| [x] Judicial District | G.A. | Hartford | Major: T  Minor: 90 |
| [ ] Housing Session | [ ] Number: | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| The Woods Law Firm, LLC, 360 Bloomfield Avenue, Suite 301, Windsor, Connecticut 06095 | 428247 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (860) 362-0678 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [x] Yes [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) roderick.woods@rdw-law.com |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Deborah Fitzpatrick<br>Address: 5 Emily Way, Apt. 201, Suffield, Connecticut 06078 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Portfolio Recovery Associates, LLC<br>Address: 120 Corporate Boulevard, Norfolk, Virginia 23502 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [x] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>Roderick D. Woods, Esq. |
|---|---|---|---|
| 2/24/2020 | | | |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form | Page 1 of 2 | Reset Form

RETURN DATE: APRIL 21, 2020

| | |
|---|---|
| DEBORAH FITZPATRICK, ) | SUPERIOR COURT |
| ) | |
| Plaintiff ) | JUDICIAL DISTRICT OF HARTFORD |
| ) | |
| ) | AT HARTFORD |
| VS. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC ) | |
| ) | |
| Defendant ) | FEBRUARY 24, 2020 |

## COMPLAINT

1.  This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§1692 *et seq.*, and the Connecticut Creditor's Collection Practices Act (Connecticut General Statutes § 36a-645, hereinafter "CCCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), C. G. S. § 42-110a, *et seq.*

2.  Plaintiff, Deborah Fitzpatrick (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

3. Plaintiff is a consumer.

4. Upon information and belief, and at all times relevant hereto, the principal purpose of Defendant, Portfolio Recovery Associates, LLC (or "Defendant"), is the acquisition and collection of defaulted debts using the mails and telephone.

5. In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut, and, upon information and belief, maintains collection agency licenses with the Connecticut Department of Banking.

6. Upon information and belief, and at all times relevant hereto, Defendant is a limited liability company organized pursuant to the laws of the State of Delaware, with its principal place of business in Norfolk, Virginia. Defendant regularly engages in the collection of consumer debts in the State of Connecticut.

## FACTUAL ALLEGATIONS

7. On or about February 2, 2009, Defendant commenced a court action against Plaintiff in the Rockville, Connecticut, small claims court. Attached hereto and made a part hereof is a true and accurate copy of the docket sheet annexed as Exhibit "A".

8. On or about July 15, 2009, the Defendant received a default Judgment against Plaintiff.

9. Pursuant to Connecticut law, a small claims Judgment may only be enforced for a period of ten years in Connecticut. Attached hereto and made a part hereof is literature from the Judicial Branch of the State of Connecticut annexed as Exhibit "B."

10. The ten-year expiration in which to enforce the Judgment expired on or about July 16, 2019.

11. On or about October 15, 2019, more than ten years after the Judgment entered against Plaintiff, Defendant applied for a Financial Institution Execution.

12. On or about December 3, 2019, the clerk issued the Execution.

13. On or about February, 2020, the Execution was served on Plaintiff's bank.

14. Plaintiff is disabled and all of Plaintiff's funds were exempt from execution.

15. Defendant's right to enforce the Judgment was extinguished as a matter of law on or about July 16, 2019.

16. Defendant seized all the Plaintiff's funds, causing checks that had been previously written to bounce and causing Plaintiff to incur late charges and non-sufficient funds fees.

17. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff incurred non-sufficient funds charges, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## Claims For Relief

### 1. Defendant's Violation of 15 U.S.C. § 1692 f

18. Paragraphs 1-17 are re-alleged as if fully re-stated.

19. 15 U.S.C. §1692 f states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." (See, 15 U.S.C. 1692 f).

20. On or about February 2, 2009, Defendant commenced a court action against Plaintiff in the Rockville, Connecticut, small claims court. Attached hereto and made a part hereof is a true and accurate copy of the docket sheet annexed as Exhibit "**A**".

21. On or about July 15, 2009, the Defendant received a default Judgment against Plaintiff.

22. Pursuant to Connecticut law, a small claims Judgment may only be enforced for a period of ten years in Connecticut. Attached hereto and made a part hereof is literature from the Judicial Branch of the State of Connecticut annexed as Exhibit "**B**."

23. The ten-year expiration in which to enforce the Judgment expired on or about July 16, 2019.

24. On or about October 15, 2019, more than ten years after the Judgment entered against Plaintiff, Defendant applied for a Financial Institution Execution.

25. On or about December 3, 2019, the clerk issued the Execution.

26. On or about February, 2020, the Execution was served on Plaintiff's bank.

27. Plaintiff is disabled and all of Plaintiff's funds were exempt from execution.

28. Defendant's right to enforce the Judgment was extinguished as a matter of law on or about July 16, 2019.

29. Defendant seized all the Plaintiff's funds, causing checks that had been previously written to bounce and causing Plaintiff to incur late charges and non-sufficient funds fees.

30. As a result of the above violation(s) of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II. Defendant's Violation of the Connecticut Unfair Trade Practices Act

31. Paragraphs 1-17 are re-alleged as if fully re-stated.

32. On or about February 2, 2009, Defendant commenced a court action against Plaintiff in the Rockville, Connecticut, small claims court. Attached hereto and made a part hereof is a true and accurate copy of the docket sheet annexed as Exhibit "A".

33. On or about July 15, 2009, the Defendant received a default Judgment against Plaintiff.

34. Pursuant to Connecticut law, a small claims Judgment may only be enforced for a period of ten years in Connecticut. Attached hereto and made a part hereof is literature from the Judicial Branch of the State of Connecticut annexed as Exhibit "B."

35. The ten-year expiration in which to enforce the Judgment expired on or about July 16, 2019.

36. On or about October 15, 2019, more than ten years after the Judgment entered against Plaintiff, Defendant applied for a Financial Institution Execution.

37. On or about December 3, 2019, the clerk issued the Execution.

38. On or about February 2020, the Execution was served on Plaintiff's bank.

39. Plaintiff is disabled and all of Plaintiff's funds were exempt from execution.

40. Defendant's right to enforce the Judgment was extinguished as a matter of law on or about July 16, 2019.

41. Defendant seized all the Plaintiff's funds, causing checks that had been previously written to bounce and causing Plaintiff to incur late charges and non-sufficient funds fees.

42. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

43. Simply, Defendant engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

**THE WOODS LAW FIRM, LLC**
360 BLOOMFIELD AVEUE, SUITE 301, WINDSOR, CONNECTICUT 06095 ◆ TEL (860) 549-6275 ◆ FAX (860) 371-2873 ◆
RODERICK.WOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

44. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

45. By virtue of the aforesaid, Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

### III. Defendant's Violation of the Connecticut Creditor's Collection Practices Act

46. Paragraphs 1-17 are repeated as if fully re-alleged.

47. On or about February 2, 2009, Defendant commenced a court action against Plaintiff in the Rockville, Connecticut, small claims court. Attached hereto and made a part hereof is a true and accurate copy of the docket sheet annexed as Exhibit "**A**".

48. On or about July 15, 2009, the Defendant received a default Judgment against Plaintiff.

49. Pursuant to Connecticut law, a small claims Judgment may only be enforced for a period of ten years in Connecticut. Attached hereto and made a part hereof is literature from the Judicial Branch of the State of Connecticut annexed as Exhibit "**B**."

50. The ten-year expiration in which to enforce the Judgment expired on or about July 16, 2019.

51. On or about October 15, 2019, more than ten years after the Judgment entered against Plaintiff, Defendant applied for a Financial Institution Execution.

52. On or about December 3, 2019, the clerk issued the Execution.

53. On or about February 2020, the Execution was served on Plaintiff's bank.

54. Plaintiff is disabled and all of Plaintiff's funds were exempt from execution.

55. Defendant's right to enforce the Judgment was extinguished as a matter of law on or about July 16, 2019.

56. Defendant seized all the Plaintiff's funds, causing checks that had been previously written to bounce and causing Plaintiff to incur late charges and non-sufficient funds fees.

57. Defendant's unfair attempt to collect an alleged debt from Plaintiff constituted a violation of CCPA.

WHEREFORE, the Plaintiff respectfully prays for the following relief:
1. A Declaratory judgment that Defendant's conduct violated the FDCPA, CCPA, and the Connecticut Unfair Trade Practices Act;
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;
3. Damages for breach of contract and anticipatory breach of contract;
4. All costs and disbursements of this action;
5. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A);
6. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1);
7. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3);
8. An award of punitive damages;
9. Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
10. A jury trial on all counts triable by jury;
11. Such other and further relief as the Court deems just.

Dated at Windsor, Connecticut, this 24th day of February, 2020.

          THE PLAINTIFF,
          DEBORAH FITZPATRICK

By:   /s/ Roderick D. Woods, Esq.
      Roderick D. Woods, Esq.
      The Woods Law Firm, LLC
      360 Bloomfield Avenue
      Suite 301
      Windsor, Connecticut 06095
      (860) 549-6275 (Tel.)
      (860) 371-2873 (Fax)
      Roderick.woods@rdw-law.com

# Exhibit "A"

<sup>2/24/2020</sup>  Case Detail - TTD-CV09-5013331-S


**State of Connecticut Judicial Branch**
# Superior Court E-Filing


**Attorney/Firm:** WOODS LAW FIRM LLC (428247)  **E-Mail:** roderick.woods@rdw-law.com
ℯ **TTD-CV09-5013331-S**  PORTFOLIO RECOVERY ASSOCIATES, LLC v. FITZPATRICK, DEBORAH M.
**Prefix:** SMC  **Case Type:** S25  **File Date:** 02/02/2009  **Answer Date:** 05/29/2009
**Case Detail**

To receive an email when there is activity on this case, click here.

The logged in Juris Number is not appearing on this case. Select "Go" to e-file an appearance

**Select Case Activity:** E-File an Appearance ▼ Go

**Information updated as of:** 02/24/2020

## Case Information
**Case Type:** S25 - Small Claims - Small Claims - Contract - Other
**Court Location:** Rockville JD
**List Type:** No List Type
**Trial List Claim:**
**Last Action Date:** 12/03/2019 (The "last action date" is the date the information was entered in the system)
**Amount Claimed:** $2,284.14

## Disposition Information
**Disposition Date:** 07/15/2009
**Disposition:** JUDGMENT WITHOUT TRIAL-GENERAL
**Disposition By:** BY THE COURT

## Party & Appearance Information

| Party | No Fee Party | Party Category | Party Type |
|---|---|---|---|
| **P-01 PORTFOLIO RECOVERY ASSOCIATES, LLC**<br>Attorney: HOWARD LEE SCHIFF PC LAW OFFICES (419040) File Date: 02/02/2009<br>111 FOUNDERS PLAZA<br>EAST HARTFORD, CT 06108 | | Plaintiff | Firm or Corporation |
| **D-01 DEBORAH M. FITZPATRICK**<br>16 HICKORY HILL      File Date: 02/02/2009<br>SOMERS, CT 06071 | | Defendant | Person |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an ℯ in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

### Motions / Pleadings / Documents / Case Status

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 04/28/2015 | | APPEARANCE | |
| 100.30 | 02/02/2009 | P | SMALL CLAIMS WRIT AND NOTICE OF SUIT, JD-CV-40 | No |

| 100.31 | 02/02/2009 | P | SMALL CLAIMS RETURN / STATEMENT OF SERVICE | No |
| 101.00 | 12/03/2019 | C | CENTRALIZED SMALL CLAIMS DOCUMENTS | No |
| 102.00 | 07/15/2009 | C | JUDGMENT WITHOUT TRIAL-GENERAL<br>*RESULT* BY THE COURT | No |
| 103.00 | 10/15/2019 | P | APPLICATION FOR EXECUTION FINANCIAL INSTITUTION-DEBTOR IS A NATURAL PERSON (JD-CV-24)<br>*RESULT* Granted 12/3/2019 BY THE CLERK | No |
| 103.10 | 12/03/2019 | C | EXECUTION ISSUED | No |

| Scheduled Court Dates as of 02/21/2020 |
|---|
| TTD-CV09-5013331-S - PORTFOLIO RECOVERY ASSOCIATES, LLC v. FITZPATRICK, DEBORAH M. |

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| | | | | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil or family standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.
This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2020, State of Connecticut Judicial Branch

# Exhibit "B"

Statutes. 

Top

## Judgment and Post Judgment Activity

### 23. How do I collect money if I win my case?

- The court does not collect the money for you, but you can request that the clerk issue an execution. An execution authorizes you to hire a state marshal to attach a judgment debtor's (defendant's) wages, nonexempt personal property or financial institution (bank) account. See List of state marshals.
- Fill out an application for wage, property or financial institution execution. Include exemption forms for judgment debtors (defendants) who are natural persons, and file with the court.
- The following fillable forms are available on this website.
    - Wage Execution Proceedings - Application, Order, Execution (form JD-CV-3)
    - Exemption and Modification Claim Form, Wage Execution (form JD-CV-3a)
    - Property Execution Proceedings - Application, Order, Execution (form JD-CV-5)
    - Exemption Claim Form, Property Execution (form JD-CV-5b)
    - Financial Institution Execution Proceedings – Judgment Debtor Who is a Natural Person, Application and Execution (form JD-CV-24)
    - Exemption Claim Form, Financial Institution Execution (form JD-CV-24a)
    - Financial Institution Execution Proceedings Judgment Debtor Who is NOT a Natural Person, Application and Execution (form JD-CV-24N)
- An execution authorizes a state marshal to attach the judgment debtor's (defendant's) wages, nonexempt personal property or financial institution account. (This does not include real estate.)
- There is a $105.00 fee for each application.
-  You can enforce a judgment up to 10 years from the date of judgment.
- You may also want to review Forms you may need to collect on a Civil Judgment on this website.

### 24. Can I appeal the decision?

- You cannot appeal a decision in a small claims court case.

### 25. Could a small claims judgment against me (the judgment debtor) affect my credit rating or appear on my credit report?

- Yes. Small claims decisions (judgments) are public information and could appear on your credit report, affecting your credit rating. The laws controlling Consumer Credit Reports are contained in section 36a-695 of the Connecticut General Statutes and the statutes that follow it. If you need documentation to dispute an item on your credit report with the Consumer Credit Reporting Agency, you may get copies from the court file in your case for a fee of $1.00 per page.
- If you have a specific complaint about a Consumer Credit Reporting Agency you may make such a complaint to the Connecticut Banking Department, Consumer Credit Division, 260 Constitution Plaza, Hartford, CT 06103-1800. See section 36a-695 of the Connecticut General Statutes.

### 26. When may a judgment lien be placed on real property (real estate)?

- A judgment lien may be placed on the land records in the town clerk's office in the town where the real property is located when a money judgment is unpaid under section 52-380a of the Connecticut General Statutes. The cost of the judgment lien may be added to the judgment.